Jeff P. Prostok
State Bar No. 16352500
Lynda L. Lankford
State Bar No. 11935020
FORSHEY & PROSTOK, L.L.P.
777 Main Street, Suite 1290
Fort Worth, Texas 76102
(817) 877-8855
(817) 877-4151 FAX
jprostok@forsheyprostok.com
llankford@forsheyprostok.com

PROPOSED COUNSEL FOR THE DEBTOR

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Global Group, Inc., | § | CASE NO. 09-42719-rfn-11 |
| | § | |
| DEBTOR. | § | Chapter 11 |
| | § | |
| | § | EXPEDITED HEARING REQUESTED |

**DEBTOR'S APPLICATION FOR ORDER PURSUANT TO 11 U.S.C. §§327(a), 328 AND 329 AND RULES 2014 AND 2016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING THE EMPLOYMENT AND RETENTION OF HURON CONSULTING GROUP AS FINANCIAL ADVISORS AND CONSULTANTS**

TO THE HONORABLE RUSSELL F. NELMS, UNITED STATES BANKRUPTCY JUDGE:

Global Group, Inc., as debtor and debtor-in-possession (the "Debtor") files this application (the "Application") pursuant to 11 U.S.C. §§ 327(a), 328 and 329 and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing the employment and retention of Huron Consulting Group ("Huron") as financial advisors and consultants to the Debtor as of the Petition Date, and respectfully represents as follows:

## JURISDICTION

1.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

Debtor's Application for Order Pursuant to 11 U.S.C. §§ 327(a), 328 and 329 and
Bankruptcy Rules 2014 and 2016 Authorizing the Employment and Retention
of Huron Consulting Group as Financial Advisors and Consultants                    Page 1

## PROCEDURAL BACKGROUND

2. On May 4, 2009, (the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended (the "Bankruptcy Code").

3. The Debtor continues to manage and operate its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner, or committee has been appointed in this case.

## ABOUT THE COMPANY

4. The Debtor has operated for approximately 37 years. The Debtor is headquartered in Fort Worth, Texas. The Debtor has been a 100% employee-owned, visual communication company, providing multi-color printing from both sheet-fed and digital presses. The Debtor can take any printing need from concept through fulfillment in a complete turnkey operation. The Debtor has served customers in the private, commercial, and aerospace sectors.

5. In this Chapter 11 case, the Debtor intends to implement a business strategy that will ensure the Debtor's financial stability. The Debtor is evaluating its business and will prepare a proposed plan of reorganization to restructure the Debtor's prepetition obligations and to provide equitable treatment of its secured and unsecured creditors. The Debtor will seek confirmation of its plan at the earliest practicable date.

## RELIEF REQUESTED

6. By this Application, the Debtor seeks to employ and retain Huron as its financial advisors and consultants as of the Petition Date. Accordingly, the Debtor respectfully requests the entry of an order pursuant to sections 327(a), 328 and 329 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016 authorizing it to employ and retain Huron as its financial advisors and consultants to perform the extensive financial analysis and financial advisement services that will be necessary during this Chapter 11 case.

Debtor's Application for Order Pursuant to 11 U.S.C. §§ 327(a), 328 and 329 and
Bankruptcy Rules 2014 and 2016 Authorizing the Employment and Retention
of Huron Consulting Group as Financial Advisors and Consultants                    Page 2

7. The Debtor contemplates that Huron will render general financial services to the Debtor as needed throughout the course of this Chapter 11 case. Certain of the legal services that Huron will render to the Debtor may include the following:

(a) Assistance to the Debtor with information and analyses required pursuant to the Debtor's post-petition financing including, but not limited to, preparation for hearings regarding the use of cash collateral and post-petition financing;

(b) Assistance in the preparation of financial information for distribution to creditors and others including but not limited to cash flow projections and budgets, cash receipts and disbursement analysis, analysis of various assets and liabilities, and analysis of proposed transactions for which approval of the Court is sought;

(c) Assistance in preparation of information and analysis necessary for the confirmation of a plan of reorganization in this Chapter 11 case;

(d) Attendance at meetings and assistance in discussions with potential investors, banks or other secured lenders, any creditors' committee appointed in this Chapter 11 case, the U.S. Trustee or other parties in interest and professionals hired by the same;

(e) Assistance in preparation of the liquidation analyses and going-concern valuation of the Debtor's assets and businesses;

(f) Assistance with the review and negotiations of any asset sales; and

(g) Render such other general business consulting or such other assistance as Debtor's management or counsel may deem necessary that are not duplicative of services provided by other professionals in these proceedings.

## Terms of Retention

8. The Debtor requires knowledgeable financial advisors to render the above-described essential professional services, and Huron is familiar with the Debtor's business and financial affairs.

9. Subject to Court approval, Huron will charge the Debtor for financial services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date services are rendered. The current hourly rates charged by Huron are provided below:[1]

---

[1] These rates are subject to change from time to time.

Debtor's Application for Order Pursuant to 11 U.S.C. §§ 327(a), 328 and 329 and
Bankruptcy Rules 2014 and 2016 Authorizing the Employment and Retention
of Huron Consulting Group as Financial Advisors and Consultants                    Page 3

|  | Range |
|---|---|
| Managing Director: | $495.00 |
| Director: | $350.00 to $400.00 |

Huron will maintain detailed records of the professional time billed to the Debtor as well as any actual and necessary or appropriate costs and expenses incurred in connection with such services.

10. Prior to the Petition Date, the Debtor paid Huron a retainer in the amount of $50,000 (the "Retainer"). Huron has not received any other payment for professional services rendered or expenses incurred on behalf of the Debtor. The Retainer is being held on-account as a general retainer for prepetition services rendered and costs incurred with respect to work provided in connection with the preparation of this chapter 11 case. The Retainer has been applied to fees and expenses due Huron on account of prepetition services to the Debtor with remaining amounts held in trust for application to fees and expenses incurred in this proceeding. After application of the Retainer to fees and expenses owing to Huron on account of prepetition services and expenses, Huron holds approximately $48,200 of the Retainer (the "Remaining Retainer"). Huron will not apply any portion of the Remaining Retainer toward post-petition fees and expenses except in compliance with Local Bankruptcy Rule 2016.1(b), the procedures described below, or upon further order of this Court.

11. Huron intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and orders of this Court. In this regard, the Debtor seeks authorization allowing Huron to seek interim compensation as follows:

(a) Huron will serve monthly invoices for services rendered and for reimbursement of expenses incurred on behalf of the Debtor (each, a "Monthly Fee Statement") on the Debtor, the secured creditors or their counsel, the United States Trustee, the 10 largest unsecured creditors or upon the members of and counsel for the unsecured creditors committee, should one be formed, and upon parties requesting notice;

Debtor's Application for Order Pursuant to 11 U.S.C. §§ 327(a), 328 and 329 and
Bankruptcy Rules 2014 and 2016 Authorizing the Employment and Retention
of Huron Consulting Group as Financial Advisors and Consultants    Page 4

(b) Any party wishing to object to the Monthly Fee Statement must file an objection thereto within fifteen (15) days of service thereof and must state the specific grounds upon which the party objects to the fees or expenses sought;

(c) To the extent that no timely objection is made to the Monthly Fee Statement, the Debtor shall be authorized to pay Huron eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses as provided in the Monthly Fee Statement, and such payment or any portion thereof may be made by application of any remaining balance of the Remaining Retainer; and

(d) To the extent a party objects to the Monthly Fee Statement, the Debtor shall not pay Huron the invoiced fees or expenses, except upon further court order;

(e) Huron shall be authorized to periodically seek interim allowance of fees and expenses and payment of the 20% holdback of fees for prior Monthly Fee Statements by filing with the Court a request for interim allowance of fees and expenses, consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and orders of this Court; and

(f) Huron will file with the Court a final fee application as required by the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.

## BASIS FOR RELIEF

12. The Debtor has selected Huron as its financial advisor because of the firm's extensive experience in the financial services and restructuring arenas. Huron is familiar with the financial affairs of the Debtor and is well-qualified to represent the Debtor's interests in this case.

13. To the best of the Debtor's knowledge, information and belief, Huron does not have any connection with or any interest adverse to the Debtor, its creditors, or any other party in interest, or their respective attorneys and accountants, the United States Trustee for the Northern District of Texas, or any person employed in the office of the United States Trustee, except as set forth herein and in the Declaration of Jerome P. Loughren (the "Declaration") filed concurrently herewith.

14. Based on the foregoing, the Debtor believes that Huron is "disinterested" as that term is defined in section 101(14) of the Bankruptcy Code, that the firm does not hold an "interest adverse" to the Debtor's estate, and that Huron is fully qualified to serve as financial advisors and

Debtor's Application for Order Pursuant to 11 U.S.C. §§ 327(a), 328 and 329 and
Bankruptcy Rules 2014 and 2016 Authorizing the Employment and Retention
of Huron Consulting Group as Financial Advisors and Consultants                    Page 5

consultants to the Debtor in its chapter 11 case.

## PRAYER FOR RELIEF

WHEREFORE, the Debtor respectfully requests that the Court enter an order authorizing the employment and retention of Huron Consulting Group, as attorneys for the Debtor on the terms set forth above, as of the Petition Date, and granting the Debtor all other just and proper relief.

Dated: May 5, 2009.

Respectfully submitted,

GLOBAL GROUP, INC.

By: /s/ James F. Wolf
James F. Wolf, President


/s/ Jeff P. Prostok
Jeff P. Prostok
State Bar No. 16352500
Lynda L. Lankford
State Bar No. 11935020
FORSHEY & PROSTOK, L.L.P.
777 Main Street, Suite 1290
Fort Worth, Texas 76102
Phone: (817) 877-8855
Fax: (817) 877-4151
jprostok@forsheyprostok.com
llankford@forsheyprostok.com

Proposed Counsel for the Debtor


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served via ECF Electronic Notice, where available, and via first class mail on the parties listed on the attached service list on this 5th day of May, 2009.

/s/ Jeff P. Prostok
Jeff P. Prostok


L:\JPROSTOK\Global Group # 5139\Pleadings\Application to Employ Huron Consulting 5 4 09.doc

Debtor's Application for Order Pursuant to 11 U.S.C. §§ 327(a), 328 and 329 and
Bankruptcy Rules 2014 and 2016 Authorizing the Employment and Retention
of Huron Consulting Group as Financial Advisors and Consultants                    Page 6

**Global Group Service List**

Global Group, Inc.
James F. Wolf
4901 North Beach
Fort Worth TX 76137

BRW Paper Co Inc.
1877 Paysphere Circle
Chicago IL 60674

Clampitt Paper Company
2101 Franklin Dr
Fort Worth TX 76106

Cogent Communications
PO Box 791087
Baltimore MD 21279-1087

Duplium
2029 Westgate Dr., Suite 120
Carrollton TX 75006

Eastman Kodak Company
PO Box 640350
Pittsburgh PA 15264

Falcon Business Forms
PO Box 849868
Dallas TX 75284-9868

FAS-Clampitt
7443 Airport Freeway
Fort Worth TX 76118

Label Systems Inc.
PO Box 827
Addison TX 75001

Magnum Staffing Services
800 North Freeway
Fort Worth TX 76102

OCE
12379 Collections Center Drive
Chicago IL 60693

Oldham Group
4333 Cambridge Rd.
Fort Worth TX 76155

Olmsted-Kirk Paper Co
PO Drawer 970093
Dallas TX 75397-0093

PDQ Temporaries, Inc.
704 Hunters Row Ct
Mansfield TX 76063

Printers' Service
PO Box 5140, Ironbound Station
Newark NJ 07105

RIS Paper
PO Box 641617
Pittsburgh PA 15264-1617

Streamline Solutions
100 Smith Ranch Road, Suite 124
San Rafael CA 94903

TXU Energy
PO Box 660161
Dallas TX 75266-0161

Unisource Worldwide Inc
PO Box 849089
Dallas TX 75284-9089

Western Paper Co Inc
PO Box 535188
Grand Prairie TX 75053-5188

XPEDX
PO Box 403565
Atlanta GA 30384-3565

UST U.S. Trustee
1100 Commerce St., Room 976
Dallas TX 75242-1496

IRS Special Procedures – Insolv.
PO Box 21126
Philadelphia PA 19114

SettlePou
Cliff A. Wade
3333 Lee Parkway, 8th Floor
Dallas TX 75219